UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEMETREOUS A. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DARK HORSE TRANSPORTATION LLC, a Nevada limited liability corporation; JEREMY YINGLING, and ANGEL HELSLEY,<br><br>Defendants. | Case No. 2:20-cv-00377-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Amended Declaration of Service of Summons and Complaint via Certified Mail with Request for Hearing (docketed as ECF Nos. 11 and 12). Plaintiff's filing follows on the heels of the Court's Order denying Plaintiff's request for alternative service on Defendants. The Court's Order explained there was no basis for alternative service at that time because Plaintiff did not establish that he properly sought waiver of service through Fed. R. Civ. P. 4(d). ECF No. 8. The Order further explained that the 90 day window within which to accomplish service had not yet lapsed and, as such, an extension of time to serve was not warranted. *Id.* Since the Court issued its Order, Plaintiff filed the presently pending amended declaration, along with his request for a hearing. ECF Nos. 11 and 12.

**DISCUSSION**

As explained in the Court's prior Order, waiver of service is governed by Fed. R. Civ. P. 4(d)(1) requiring:

> (A) be in writing and be addressed: (i) to the individual defendant; or (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; (B) name the court where the complaint was filed; (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form; (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service; (E) state the date when the request is sent; (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and (G) be sent by first-class mail or other reliable means.

Plaintiff's previously filed declaration (ECF No. 9) and amended declaration (ECF No. 11) appear to demonstrate that Plaintiff has met the requirements allowing for waiver of service pursuant to Rule 4(d)(1), but that Defendants have not responded to Plaintiff's effort.

Plaintiff must now attempt to accomplish personal service of each Defendant through the applicable Rules of Civil Procedure. If, as stated in Fed. R. Civ. P. 4(d)(2), one or more defendant is served and fail to demonstrate good cause for the failure "to sign and return a waiver requested by a plaintiff," the Court may impose on such defendant "the expenses later incurred in making service." However, the Rules of Civil Procedure pertaining to service of a summons and complaint do not allow the Court to excuse service of individuals or corporations altogether simply because a waiver of service is not returned.[1]

Pursuant to the Court's *sua sponte* authority to grant an extension of time within which to accomplish service (*see* Fed. R. Civ. P. 4(m)), and Plaintiff's seeming diligence to obtain a waiver of service from Defendants, the Court will grant Plaintiff additional time to serve the individual and corporate defendants with the Summons and Complaint in accordance with Fed. R. Civ. P. 4(e) and (h), respectively, cited *infra* n.1. Given Defendants apparent location and Plaintiff's *pro se* status, Plaintiff may wish to consider seeking the assistance of a professional process server to accomplish the service necessary under the Rules and avoid the potential dismissal of his Complaint for failure to timely serve.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Hearing (ECF No. 12) is DENIED.

---

[1] Rule 4(e) states, in pertinent part, that service on an individual within the judicial district of the United States is properly served "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Rule 4(h) states, in pertinent part, that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and— if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant … ." The Nevada Secretary of State webpage shows Defendant Dark Horse Transportation, LLC is an active corporation with a registered agent in the State of Nevada.

2

1    IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days, measured from the
2 date of this Order, to serve Defendants in accordance with the Federal Rules of Civil Procedure 4(e)
3 and 4(h).
4    IT IS FURTHER ORDERED that if service is not accomplished after diligent effort on one
5 or more Defendant within the additional time allotted by this Order, as supported through appropriate
6 affidavit filings required by Fed. R. Civ. P. 4 (l), Plaintiff may file a motion seeking an order that
7 will allow service by publication as provided for through Fed. R. Civ. P. 4(e)(1) incorporating Nev.
8 R. Civ. P. 4.4(c).
9    Dated this 9th day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE