UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEMETREOUS A. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DARK HORSE TRANSPORTATION LLC, *et al.*<br><br>Defendants. | Case No. 2:20-cv-00377-RFB-EJY<br><br>**ORDER** |

### I.  INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 34) of the Honorable Elayna J. Youchah, United States Magistrate Judge, entered on August 5, 2021. For the following reasons, the Court respectfully denies the Report and Recommendation in full.

### II.  LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by August 19, 2021. Plaintiff filed the Objection on August 16. ECF No. 35.

### III.  BACKGROUND

In this case, the Magistrate Judge's Report and Recommendation recommends dismissal

of Defendant Angel Helsley due to Plaintiff's failure to timely serve this Defendant. The Magistrate Judge concluded that there has been no service on Defendant Helsley that satisfies the requirements of Rule 4 of the Federal Rules of Civil Procedure. The Magistrate Judge noted that Helsley's summons had been left with co-defendant Jeremy Yingling, see ECF No. 35-1 at 1, and determined that it was unclear whether the summons and complaint were left at Helsley's home or whether Yingling was authorized to accept service on behalf of Helsley.

Plaintiff filed a timely objection, asserting that Defendants Helsley and Yingling are married, live at the same residence, and operate a business together there. ECF No. 35. Therefore, he argues, the requirements under the Federal Rules of Civil Procedure 4(e)(2)(B) for substitute service of process were met when the process server delivered all three summons to the same residence. Plaintiff directs the Court to the following evidence that Defendant Helsley resides with Defendant Yingling: the process server's Declaration, which noted Helsley as an "Adult Co-Resident" of Mr. Yingling, as well as a document from the Nevada Secretary of State listing Helsley with a street and mail address that matches that of Defendant Yingling. ECF No. 1 at 11-12.

### IV.   DISCUSSION

The Court declines to accept the Magistrate Judge's recommendation to dismiss Defendant Helsley without prejudice.

Dismissal is authorized due to insufficient service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant.") (citations omitted). In order to exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Strong v. Countrywide Home Loans, Inc., 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). If the court finds that service was improper, it has the discretion to dismiss the action or to quash service. S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

Federal Rules of Civil Procedure 4(e)(2)(B) authorizes one method of proper service

applicable here: service of process may be made on an individual by leaving a copy of the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Rule 4(e) also allows Plaintiff to serve an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). In this case, the Nevada Rule is identical to the Federal Rule. Nev. R. Civ. P. 4.2(a). Plaintiff bears the burden of "demonstrating legally sufficient service of process in accordance with the requirements" of Rule 4. Fed. R. Civ. P. 4; see also Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

District courts have previously held that a signed return of service from a process server, in which they state the summons was left with an "adult co-resident," qualifies as proper service. See e.g., Dunagan v. Lehnus, No. 20-cv-0393-CVE-JFJ, 2021 U.S. Dist. LEXIS 63574, at *11 (N.D. Okla. Apr. 1, 2021) (finding that a signed return of service to defendant's address, left with an adult co-resident, is "in accordance with the rules"); Voogt Rehab. Ctr., LLC v. Metheny, No. 4:13-cv-353-JM, 2014 U.S. Dist. LEXIS 170771, at *11 (E.D. Ark. Dec. 10, 2014) (finding that a process server's signed return led "the Court [to find] that service . . . was proper when the summons directed to him was served by substitute service . . . an adult co-resident"); Mrs. Fields' Original Cookies, Inc. v. Pretzels of Volusia, Inc., No. 6:08-cv-692-Orl-28KRS, 2008 U.S. Dist. LEXIS 115625, at *2  (M.D. Fla. Dec. 30, 2008) ("Plaintiffs filed a return of service that reflects that [defendant] was served in accordance with Fed. R. Civ. P. 4(e)(2)(B). The process server avers he left a copy of the summons and complaint at [defendant's] usual place of abode with an adult co-resident, and informed that person of the contents of the summons and the complaint."); United States v. Moore, No. 16-6054, 2017 U.S. Dist. LEXIS 138656, at *6 (D.N.J. Aug. 29, 2017) (finding that "service on an adult co-resident at [defendant's] dwelling" was proper).

The Court finds that Plaintiff has met his burden of proving legally sufficient service. In each of these cases, with slight variations, the signed return of service stated that the summons and complaint were left with an "adult co-resident," the name of the individual accepting the service, the date of service, and the address of service. The signed return of service at issue here contains identical information. The Court finds that this evidence is sufficient to establish that Helsley was properly served at her "dwelling or usual place of abode with someone of suitable age and

discretion who resides there." Fed. R. Civ. P. Rule 4(e)(2)(B).

The Court also takes judicial notice of the Nevada Secretary of State website, which lists Defendant Helsley's street address as the same address where the summons and complaint were delivered.[1] See ECF No. 1 at 11-12. The Court notes that Defendant has not provided rebuttal evidence to contest this information.

In light of the Defendant Helsley's listed address with the Secretary of State, as well as the process server's declaration of Mr. Yingling's co-residency at this address, the Court finds that Plaintiff has met his burden in proving that he properly served Defendant Helsley under Rule 4(e)(2)(B).

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 34) is REJECTED in full.

**IT IS FURTHER ORDERED** that Defendant Helsley shall until February 3, 2025, to file an answer to the amended complaint.

**DATED:** January 3, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Under Fed. R. Evid. 201, a court may take judicial notice of court filings and other matters of public record. See Dudum v. Arntz, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011) (citing Daniels-Hall v. Nat's Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010)) (noting that the Court may take judicial notice of "official information posted on a governmental website, the accuracy of which [is] undisputed").

- 4 -