UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEMETREOUS A. BROWN,

Plaintiffs,

v.

DARK HOURS TRANSPORT LLC, a
Nevada Limited Liability Corporation, DOT
#2832372, Motor Carrier #947377; JEREMY
YINGLING; and ANGEL HENSLEY

Defendants.

Case No. 2:20-cv-00377-RFB-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to Effect Alternative Service of Process by Publication or Law Enforcement Officer. ECF No. 50. Plaintiff states that the "registered address" at which Defendants resided was sold, there is no current address for Defendants, and Defendants have not responded to Plaintiff's efforts to reach them by email. Plaintiff offers no proof of email communications sent to Defendants or that the email addresses to which he sent communications are ones reasonably calculated to reach Defendants. Plaintiff further states "a source" informed him that Defendants are living in an RV and "working 'under the table' at an address in Gardnerville," Nevada. *Id*. at 2-3. However, Plaintiff offers nothing demonstrating attempt to serve Defendants at the Gardnerville address.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (1) demonstrating due diligence to locate the defendant, (2) proposing alternative service methodology, and (3) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means, the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve the defendant at his known residence, and other methods of locating a defendant such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87

(Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). Plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015). The Court has considerable discretion when determining whether alternative service should be permitted. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Here, in the absence of information (1) supporting Plaintiff's attempts to communicate with Defendants by email, and (2) demonstrating attempts, if any, to serve Defendants at the address at which Plaintiff believes Defendants are living, Plaintiff has not demonstrated the diligence he must before alternative forms of service will be ordered. Further, the Court will not order law enforcement to attempt service in the absence of additional information confirming Defendants may, in fact, be found at the address provided to Plaintiff through "a source."

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Effect Service of Process by Publication or Law Enforcement Officer (ECF No. 50) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff must attempt service of process at the address in Gardnerville by obtaining the assistance of a process service or otherwise demonstrating diligence in effecting service before alternative methods of service will be ordered by the Court.

Dated this 16th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2